The Honorable Ben Vidricksen State Senator, 24th District State Capitol, Room 143-N Topeka, Kansas 66612
Dear Senator Vidricksen:
You request our opinion regarding the legality of instant bingo vending machines under the provisions of the Kansas bingo act, K.S.A. 79-4701 etseq. and amendments. You had previously requested our opinion with regard to this issue, but because of time constraints we issued an informal opinion letter rather than a formal opinion. You now seek a formal opinion. You state that the information regarding the exact machines in question remains the same as what we reviewed for purposes of the letter opinion.
As described in the literature provided, the instant bingo vending machine (the Sequoia Lucky Tab II) would dispense random preprinted pull tabs that have been purchased in a deal from a bingo card distributor. The deal would be in all respects the same is if purchased for sale without use of a vending machine/dispenser [e.g. the number of winners and amount of winnings are predetermined (the machine has no effect on whether a player wins or loses, that determination is made solely by the ticket) and the security of the deal is otherwise the same], except they come in a roll, not individually separated until played. The vending machine does not generate the tickets, but would merely dispense the next ticket on the roll upon insertion of cash in the machine by a player. The ticket is dropped into a tray for the player to retrieve and pull open the front covering to reveal the symbols on the ticket and determine whether the ticket is a winner. If the ticket is a winner, it must be presented to a cashier or an attendant for redemption. The distinguishing feature of the particular vending machine you question is that it is capable of scanning tickets as they are dispensed (tickets would have a bar code on the back) and flashing on a video screen within seconds of dispensing the ticket the symbols that purportedly are on the ticket. However, the machine may be used with or without the video display at the player's option. Should the video display not correspond with the ticket regarding whether it is a winner, the ticket controls. It is our understanding that the player must break the ticket to redeem it; the cashier/attendant will not scan the ticket thereby alleviating the need to break it open. The machine does not credit the winnings of a player, allow the player to "bet" those winnings for more tickets, pay out, or in any way "play" the game for the player. Again, the machine merely dispenses a preprinted ticket that must be played by the player just as any other instant bingo ticket for any winnings to be collected.
Instant bingo is defined at K.S.A. 1995 Supp. 79-4701(c) as follows:
 "(c) `Instant bingo' means a game: (1) In which each participant must pay a charge; (2) in which a prize or prizes are awarded to the winner or winners; (3) in which each participant receives one or more disposable pull-tab or break-open tickets which accord a participant an opportunity to win something of value by opening or detaching the paper covering from the back of the ticket to reveal a set of numbers, letters, symbols or configurations, or any combination thereof; (4) which is conducted by a licensee under this act; (5) the conduct of which must be in the presence of the participants; and (6) which does not utilize any dice, normal playing cards, instant ticket with a removable latex covering or slot machines. `Instant bingo' does not include any game utilizing electronically generated or computer-generated tickets."
If conducted by a licensee in accordance with all the provisions of the bingo act, sale of instant bingo tickets from the described vending machine appears to fall within the definition of instant bingo: the player must pay to play; winners are entitled to a prize; a ticket meeting the description in (c)(3) is dispensed and must be broken by the player to allow redemption; there are no dice, playing cards latex covered instant tickets or slot machines involved; and the vending machine does not generate the tickets, it merely dispenses them. Therefore such machines would be permissible under the instant bingo act. The tickets sold in such machines would be subject to the requirements of the bingo act and properly adopted rules and regulations of the department of revenue. For instance, K.S.A. 1995 Supp. 79-4706 provides in part:
 "Games of bingo managed, operated or conducted by organizations licensed under the provisions of this act shall be managed, operated or conducted subject to rules and regulations adopted by the secretary of revenue and the following restrictions:
. . . .
 "(y) All instant bingo tickets sold or distributed to licensees shall bear on the face thereof a unique serial number which shall not be repeated on the same manufacturer's form number less than every three years. All instant bingo tickets shall be sold or distributed in boxes, and each box shall be sealed by the manufacturer with a seal which includes a warning to the purchaser that the box may have been tampered with if the box was received by the purchaser with the seal broken. Each box of instant bingo tickets shall contain tickets printed in such a manner as to insure that at least 60% of the gross revenues generated by the ultimate sale of all tickets from such box shall be returned to the final purchasers of such tickets. No box of instant bingo tickets may be opened by a licensee unless all tickets contained in a previously opened box with the same form number have been sold.
 "(z) Each box of instant bingo tickets sold or distributed to licensees shall be accompanied by a flare which contains the following information: (1) The name of the game; (2) the manufacturer's name or logo; (3) the game form number; (4) the ticket count in the game; (5) the prize structure for the game, which includes the number of winning tickets by denomination and their respective winning symbol or number combinations; (6) the cost per ticket; (7) the game serial number; (8) the winning numbers or symbols for the top three winning tiers set out in such a manner that each prize may be marked off as the prize is won and awarded; (9) the business name of the bingo card distributor; and (10) the Kansas bingo license number of the licensee to which the game is sold."
Similarly, the organizations selling instant bingo tickets via such machines would be subject to the limitations and requirements of the bingo act and properly adopted rules and regulations of the department of revenue. Among other requirements, the licensee must be a nonprofit organization as defined by K.S.A. 1995 Supp. 79-4701(e), (f), (g), (h), or (i), the instant bingo games must be played in the presence of the participants and the entire roll must be played before the licensee may open a new roll with the same form number.
In conclusion, instant bingo pull tab dispenser machines, as described herein, are not prohibited by the provisions of the bingo law if used in accordance with the bingo act and any properly adopted rules and regulations of the department of revenue.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm